No. 98,098

LENUS SCHUCK, *Appellant*, v. RURAL TELEPHONE SERVICE CO.,
INC., *Appellee.*
(180 P.3d 571)

Opinion filed April 4, 2008.

*Daniel C. Walter,* of Ryan, Walter & McClymont, Chtd., of Norton, Kansas, argued the cause and was on the brief for appellant.

*James M. Caplinger, Jr.,* of James M. Caplinger, Chartered, of Topeka, argued the cause, and *Karen L. Griffiths,* of Sebelius & Griffiths, LLP., of Norton, was with him on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: In this appeal from an eminent domain proceeding, Lenus Schuck seeks to enjoin Rural Telephone Service Company, Inc. (Rural Telephone) from obtaining an easement on his land. After mistakenly burying a telecommunication cable outside an easement that it had negotiated with Schuck, Rural Telephone filed a petition for eminent domain seeking an additional easement that would allow it to keep the cable in its present location. Schuck appeals from the district court's denial of his action seeking to enjoin Rural Telephone from proceeding with its eminent domain action.

## FACTS

Schuck has used the property at issue partially as cropland and partially as pasture. In 1991 and 1998, Rural Telephone, Schuck, and Schuck's parents, his predecessors in title, negotiated easements for Rural Telephone to bury cables across Schuck's property. In exchange for both easements, Rural Telephone agreed to pay Schuck $1 per rod for a total of $750 and to reimburse Schuck for any crop damage.

In 2002, the Kansas Department of Transportation (KDOT) notified Rural Telephone, a Kansas telephone public utility, of its plans for construction work on a highway in Norton County, Kansas. Before the construction project could begin, Rural Telephone had to bury a new telecommunications cable along the highway to replace the telecommunications cable located in the construction zone. Rural Telephone determined where it had to place the cable and staked the property pursuant to "staking sheets." Rural Telephone then sent blanket easements for a quarter section of land to affected landowners, most of whom agreed to the easement.

Schuck received but did not sign the blanket easement. He instead negotiated with a representative from Rural Telephone in the summer 2002 for a more limited 40-foot-wide easement within which Rural Telephone could lay its cable. In exchange for the easement, Schuck and his mother, who has since passed away, received a Hill City phone line and payment for damage to any crops or land upon completion of construction.

Rural Telephone proceeded to install the cable and completed the project on Schuck's land in early 2003. While building a fence on his property in January 2006, Schuck discovered that the cable was not located within the 40-foot-wide negotiated easement. Schuck later testified that it was readily visible that the cable lay outside the easement; however, he had not been on the property to discover this until January 2006 because he had rented the property to someone else.

Upon discovering the cable's location, Schuck contacted an attorney, who then notified Rural Telephone that it had placed the cable outside the easement. In response, representatives from Rural Telephone measured the cable's location and provided Schuck with staking sheets identifying the cable's location. Rural Telephone discovered that approximately 2,430 feet of cable had been placed outside Schuck's easement. Schuck and Rural Telephone entered into negotiations, where Schuck ultimately requested damages of $40,000 for Rural Telephone to keep its cable in the present location.

After negotiations failed to resolve the dispute, Schuck filed an action for ejectment and trespass against Rural Telephone. Rural

Telephone responded with a petition for eminent domain seeking a permanent easement to keep its cable in its present location. In its petition, Rural Telephone admitted that the cable was outside the easement but maintained that the cable lay in its ideal location and that relocating the cable would interrupt service and degrade the system. Rural Telephone asserted that the taking was therefore necessary for it to maintain, inspect, and repair its cable.

Schuck then filed a petition for injunction, which is the subject of this appeal. Schuck asked the district court to enjoin Rural Telephone temporarily and permanently from proceeding with its eminent domain action because: (1) the petition for eminent domain was jurisdictionally deficient because Rural Telephone failed to sufficiently identify its authority for the proposed taking; (2) the taking was not necessary; and (3) the taking was fraudulent, in bad faith, and an abuse of discretion. Schuck subsequently filed an amended petition asserting that Rural Telephone's eminent domain petition should also be denied because Rural Telephone failed to follow the requisite procedures for an eminent domain action.

At the hearing on these petitions, Schuck testified the cable's location affected his property because it presented an obstacle to laying water lines or making other improvements to the property.

Ron Ellis, Rural Telephone's Director of Operations, testified about why the company had laid the cable where it did and the consequences of relocating it. He stated that every line of cable runs parallel to another cable line because "we don't want to cross it at a bunch of angles." According to Ellis, any time one cable crosses another, the cable must be at a right angle to avoid cutting lines, which would result in a disruption of service. He testified that at the time the construction crew buried the cable on Schuck's property, it had not seen Schuck's easement and was unaware there was a 40-foot limit. The construction crew continued to lay the cable parallel to the old cable line, as set forth on the staking sheets and consistent with its normal practice, and in so doing exceeded the easement. Ellis testified that the placement of the cable in 2003—parallel and at 90-degree angles to the other cables—was to ensure the longevity of the cable and not to benefit financially.

Ellis testified that Rural Telephone was unaware that a portion of the cable lay outside Schuck's easement until Schuck contacted the company in 2006.

Ellis further testified that moving the cable into the area of the easement would require Rural Telephone to splice the cable. Each splice to the cable would cause optical loss and add light reflectance, which takes years of life off the equipment and, over time, weakens the equipment. Such splices degrade service, resulting in decreased picture quality on a video system or noise on a phone call. Splicing would result in the 11 communities served by Rural Telephone losing service for an unknown amount of time. Ellis explained that the public would suffer because of the potential for missing emergency calls and services.

The district court first ruled that Schuck had failed to prove that Rural Telephone acted fraudulently, in bad faith, or in an abuse of discretion when it constructed and buried its 2003 telecommunications cable. The court denied Schuck's request for injunction. The court concluded that the violation of the negotiated easement was the result of a good-faith mistake.

The court then found that Rural Telephone, as a Kansas telephone public utility that holds a Certificate of Convenience and Authority, has the power of eminent domain under K.S.A. 17-618 and K.S.A. 17-1903. The court ruled that Rural Telephone buried its cable at a location that was necessary due to the highway construction work and that it was in the best interest of the public that the telecommunications cable remain at its present location. The court further found the taking to be necessary in order to provide telephone service, toll service, video service, wireless service, and Internet service to the public of Northwest Kansas. The court ruled that relocation of the cable would cause degradation to the telecommunications system by way of optical fiber loss and reflectance, ultimately causing lower quality of services to the subscribers. The court concluded that Rural Telephone has the power of eminent domain and that the taking of Schuck's property for public use was necessary for the lawful corporate purposes of Rural Telephone.

Schuck timely appeals the court's denial of his petition for injunction. This court has jurisdiction pursuant to K.S.A. 2007 Supp.

26-504 (appeals from any final order under provisions of Eminent Domain Procedure Act shall be taken to Supreme Court).

## STANDARDS OF REVIEW

An appellate court reviews a district court's denial of injunctive relief for an abuse of discretion. *General Building Contr., LLC v. Board of Shawnee County Comm'rs*, 275 Kan. 525, 541, 66 P.3d 873 (2003). Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *In re Marriage of Bradley*, 282 Kan. 1, 7, 137 P.3d 1030 (2006).

The movant has the burden of proof in an injunction action. In order to receive temporary injunctive relief, the movant must show a substantial likelihood of prevailing on the merits; there is a reasonable probability of irreparable future injury to the movant; an action at law will not provide an adequate remedy; the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and the injunction, if issued, will not be adverse to the public interest. *Steffes v. City of Lawrence*, 284 Kan. 380, 394-95, 160 P.3d 843 (2007).

In the present case the district court found that Schuck failed to meet his burden of proof. We will not disturb a negative finding absent proof of an arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias, passion, or prejudice. *General Building Contr.*, 275 Kan. at 541.

## ANALYSIS

The State of Kansas has an inherent power of eminent domain which the legislature may delegate to any public authority to exercise as directed. *Young Partners v. U.S.D. No. 214*, 284 Kan. 397, 404-05, 160 P.3d 830 (2007). The legislature has delegated the power of eminent domain to Rural Telephone as a telephone corporation by virtue of K.S.A. 17-618.

K.S.A. 2007 Supp. 26-504 provides the procedure for an eminent domain action:

"If the judge to whom the proceeding has been assigned finds from the petition: (1) The plaintiff has the power of eminent domain; and (2) the taking is necessary to the lawful corporate purposes of the plaintiff, the judge shall . . . enter an order appointing three disinterested residents of the county . . . to view and appraise the value of the lots and parcels of land found to be necessary, and to determine the damages and compensation to the interested parties resulting from the taking."

The granting of an order determining that the plaintiff has the power of eminent domain and that the taking is necessary to the lawful corporate purposes of the plaintiff is not a final, appealable order. K.S.A. 2007 Supp. 26-504. The condemnee has no right to litigate outside issues in eminent domain proceedings. *Miller v. Bartle*, 283 Kan. 108, 116-17, 150 P.3d 1282 (2007). The right to exercise the power of eminent domain and to determine other issues such as the necessity and the extent of the taking may only be litigated in a separate civil action, usually in an action for injunction. 283 Kan. at 117.

Schuck properly filed an independent injunction action challenging the necessity of Rural Telephone's taking. He initially argues on appeal that the taking approved by the district court is unnecessary. He maintains that the proposed taking is "merely a convenience as opposed to a necessity," because Rural Telephone admits the negotiated easement would have met its needs. He further contends the trial court erred in finding that he failed to meet his burden of proof that Rural Telephone acted fraudulently, in bad faith, or abused its discretion. Schuck asserts that the district court's negative finding is a product of arbitrary disregard of undisputed evidence.

In *Concerned Citizens, United, Inc. v. Kansas Power & Light Co.*, 215 Kan. 218, 229, 523 P.2d 755 (1974), this court held that a Kansas public utility possessing the power of eminent domain is vested with reasonable discretion to determine the necessity for the taking of land for its lawful corporate purposes. The public utility's discretion will not be disturbed on judicial review unless fraud, bad faith, or an abuse of discretion is shown. 215 Kan. at 229; see also *Steele v. Missouri Pacific R.R. Co.*, 232 Kan. 855, 861, 659 P.2d 217 (1983) (party seeking injunction has burden of prov-

ing fraud, bad faith, or abuse of discretion when challenging railroad's determination that taking of land was necessary).

Schuck contends Rural Telephone's action of burying the cable outside the easement amounted to constructive fraud. He argues that, as a farmer, he could not reasonably monitor Rural Telephone's placement of the cable and he had a right to trust Rural Telephone and to rely upon its honesty and integrity to place the cable within the easement it negotiated with him. He further asserts that the fact that Rural Telephone did not lay the cable within the easement and then filed a petition for eminent domain is prima facie evidence of bad faith. Schuck then asserts Rural Telephone had no discretion that it could legitimately exercise—the cable was to be buried within the easement—and the fact that Rural Telephone buried the cable outside the easement must constitute an abuse of discretion, whether the cable's location resulted from a mistake or a decision to ignore the negotiated easement.

Constructive fraud is " 'a breach of a legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others or violate a confidence, and neither actual dishonesty [n]or purpose or intent to deceive is necessary.' " *Garrett v. Read*, 278 Kan. 662, 674, 102 P.3d 436 (2004). Two additional elements must also be proven in order to establish constructive fraud: (1) a confidential relationship, and (2) a betrayal of this confidence or a breach of a duty imposed by the relationship. 278 Kan. at 674. The party must also conceal facts that the party has a legal or equitable duty to communicate, with respect to which the party could not be innocently silent. *Moore v. State Bank of Burden*, 240 Kan. 382, 389, 729 P.2d 1205 (1986), *cert. denied* 482 U.S. 906 (1987).

Schuck has offered no evidence that Rural Telephone concealed facts. He acknowledged that the location of the cable was visible to the unaided eye. Ron Ellis testified that Rural Telephone's engineering department and construction crew buried the cable without knowledge of Schuck's easement. Ellis further testified that Rural Telephone was not aware of its mistake until Schuck contacted the company in early 2006.

Shuck has likewise failed to show that Rural Telephone acted in bad faith or that its actions amounted to an abuse of discretion. Filing a petition for eminent domain does not demonstrate bad faith; rather, it demonstrates an attempt to resolve the problem through the courts after settlement negotiations failed. Having made what appears to have been a good-faith mistake, Rural Telephone then had to make a choice as to how it would cure that mistake. Rural Telephone's evidence that the taking was necessary to fulfill its public purpose of providing quality telecommunication service to its customers sufficed to show that it did not abuse its discretion.

The legislature has vested Rural Telephone with the discretion to determine the necessity for the taking of land for its public purposes. Upon receiving notification 3 years after the fact that it did not bury the cable within the negotiated easement, Rural Telephone determined it was necessary for its lawful corporate purpose of providing telecommunication service to the public to take an easement on Schuck's property in order to keep its cable in place. Although it may not originally have been necessary for the cable to be placed at its present location, Rural Telephone provided sufficient evidence to support its claim that it is now necessary for the cable to stay in its present location. Schuck has failed to prove that this exercise of discretion amounted to fraud, bad faith, or an abuse of discretion on Rural Telephone's part.

Schuck has also failed to establish the prerequisites for injunctive relief. See *Steffes v. City of Lawrence*, 284 Kan. at 394-95. He did not establish a reasonable probability of irreparable injury or a substantial likelihood that he would prevail on the merits. He testified at trial that he no longer knows where he can dig on his land and he has to engage a specialized cable locator before he can dig. He also testified, however, that the location of the cable was visible to the unaided eye. It further appears that Schuck has the staking sheets and can easily ascertain the cable's location. His argument that he will suffer irreparable harm without the injunction because he and all other landowners will lose their bargaining power with utility companies and be deprived of due process overlooks the fact-specific analysis in eminent domain cases.

Schuck fails to demonstrate the other factors necessary for injunctive relief. His testimony that $40,000 in damages, although not related to any specific economic loss, would have adequately compensated him constituted an admission an adequate remedy was available at law. He has not established that his injury putatively arising from not knowing where he can dig on his land outweighs the damages Rural Telephone will suffer by moving its cable. He likewise has not contradicted Rural Telephone's evidence that moving the cable will be detrimental to the public.

In light of Ellis' testimony regarding the degradation to the equipment and service and the disruption of service to 11 communities that would result from moving the cable, we find the district court did not abuse its discretion in finding Rural Telephone's taking of the easement was necessary to Rural Telephone's lawful public purpose. Schuck has not shown that the district court arbitrarily disregarded undisputed evidence or that its decision was based on bias, passion, or prejudice.

Our holding here is limited to the facts of this case; we do not condone Rural Telephone's failure to conform with the easement which it freely negotiated. Under the facts presented here, however, the district court's determination that Rural Telephone has the power of eminent domain and that the taking was necessary to its lawful corporate purposes is sound.

Schuck also argues Rural Telephone has essentially filed an impermissible inverse condemnation action and that Rural Telephone failed to comply with K.S.A. 2007 Supp. 26-501 through K.S.A. 26-516. An inverse condemnation proceeding is initiated by the party having a property interest and is available when private property has been taken for public use without the initiation of formal condemnation proceedings by the governmental taker. See *Kau Kau Take Home No. 1 v. City of Wichita*, 281 Kan. 1185, 1189, 135 P.3d 1221 (2006), *cert. denied* 549 U.S. 1265 (2007).

Rural Telephone could not initiate an inverse condemnation action, because it was not the interest-holder in the property. Rural Telephone laid its cable on Schuck's land outside the negotiated easement. The undisputed evidence presented at trial showed that

the location of the cable was not intended as a taking but was a good-faith mistake. See *Sester v. Belvue Drainage District*, 162 Kan. 1, 6, 173 P.2d 619 (1946) (intentional taking of land in exercise of government power is an element of eminent domain). After Schuck pointed the mistake out to Rural Telephone, it initiated a proceeding to take an easement where it had laid the cable. The taking then became intentional, and Rural Telephone followed proper statutory procedures for exercising eminent domain.

As required by K.S.A. 2007 Supp. 26-501(b), Rural Telephone brought the eminent domain action by filing a verified petition in the district court of the county in which Schuck's land is located. The petition contains the elements required by K.S.A. 26-502. Schuck has not shown that Rural Telephone did not comply with the notice requirements contained in K.S.A. 26-503. As required by K.S.A. 2007 Supp. 26-504, the district court found that (1) Rural Telephone had the power of eminent domain, and (2) the taking was necessary to the lawful corporate purposes of Rural Telephone. The court therefore appropriately ordered that three disinterested appraisers be appointed to appraise the subject property and determine the damages for the taking. K.S.A. 2007 Supp. 26-504. The district court complied with the requirements of the Eminent Domain Procedure Act.

We hold the district court did not abuse its discretion and did not misstate the law in denying Schuck's request for injunctive relief.

Affirmed.