(239 P.3d 885)
No. 102,938

DANIEL L. HEMPHILL, *Appellant*, v. JAY F. SHORE, Trustee of the SHORE FAMILY TRUST, *Appellee*.

Opinion filed September 24, 2010.

*Aaron L. Kite*, of Rebein Bangerter PA, of Dodge City, for appellant.

*Jeffery L. Carmichael*, of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, for appellee.

Before MALONE, P.J., GREEN and BUSER, JJ.

GREEN, J.: Daniel Hemphill, a beneficiary under The Shore Family Trust (Trust), appeals from a judgment dismissing claims against the surviving trustee, Jay F. Shore, for breach of trust, breach of fiduciary duty, conversion, constructive fraud, and constructive trust. The question in this appeal is whether Hemphill's claims are barred by the applicable statutes of limitations, statutes of repose, or both. For the following reasons, we determine that Hemphill's claims are barred by the applicable statutes of limitations and statutes of repose.

On December 28, 1984, the grantors, Lee Shore and Linna S. Shore, created the Shore Family Trust (Trust). The Trust designated the Shores' two children, Jay F. Shore (Jay) and Susan

Hemphill (f/k/a Susan L. Shore), as trustees. The principal of the Trust consisted of farm land in Stanton County, Kansas.

Under the provisions of the Trust, income from the Trust was to be paid, in the trustees' sole discretion, to Jay, Susan, or the issue of Jay or Susan, in such amounts as the trustees may deem necessary to provide for the beneficiaries' health, education, support, and maintenance. Any income not distributed was to become part of the principal. The Trust provided that if, in the trustees' sole discretion, the income of the Trust was insufficient to provide for the health, education, support, or maintenance of Jay and Susan, the trustees were allowed to invade the principal of the Trust to the extent the trustees deemed necessary to provide for the benefit of Jay and Susan.

The Trust agreement also relieved the trustees from any and all inventory and accounting duties under K.S.A. 59-1601 *et seq.* In addition, the Trust agreement expressly waived a "bond for the faithful performance of duties" of the trustees.

The Trust was to terminate upon the death of the survivor of Jay or Susan if not earlier terminated by distribution of all assets under the distribution provisions. Upon termination, the Trust assets were to be distributed as follows: one-half of the remaining assets to the children of Jay, in equal shares, per stirpes; and one-half of the remaining assets to the children of Susan, in equal shares, per stirpes.

Hemphill is Susan's son. Susan died on January 20, 1992, leaving Hemphill as her only child.

On April 8, 2009, Hemphill sued Jay, as the surviving trustee, alleging breach of trust, breach of fiduciary duty, and conversion. He further alleged that shortly after Susan's death, Jay sold the farm land that made up the principal of the Trust and distributed all or a substantial portion of the proceeds to himself for his own personal use. In support of the breach of trust claim, Hemphill alleged that Jay's actions were self-dealing and in violation of his obligations under K.S.A. 58a-802. Hemphill also complained that Jay breached the Trust by failing to furnish Hemphill with accountings and reports. In support of the breach of fiduciary duty claim, Hemphill alleged that Jay violated his fiduciary duty and duty of

loyalty by converting the principal and income of the Trust to his own personal use.

Later, Hemphill amended his breach of trust claim to include the claims of breach of duty of loyalty and breach of good faith and fair dealing.

Jay moved to dismiss the action, arguing that the applicable statutes of limitations barred Hemphill's claim. Jay attached to his motion a tax return and an affidavit signed by him. Jay stated that all assets of the Trust were distributed in 1995 and a final tax return for the Trust was filed in 1995. Jay further stated that the Trust was terminated in 1995.

In the motion, Jay argued that the statutes of limitations applicable to Hemphill's claims were K.S.A. 60-513(a)(2) and (4). K.S.A. 60-513(a)(2) provides a 2-year statute of limitations period for "taking, detaining, or injuring personal property, including actions for the specific recovery thereof." K.S.A. 60-513(a)(4) imposes a 2-year statute of limitations for "injury to the rights of another, not arising on contract, and not herein enumerated." Jay also argued that the statute of repose found in K.S.A. 60-513(b) applied. K.S.A. 60-513(b) provides that for certain causes of action, including those sounding in negligence: "[I]n no event shall such an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action."

Jay stated in his motion that all Trust assets were distributed in 1995 and that the Trust was fully terminated in that year. He further argued that because the Trust was fully terminated in 1995, any of his actions which could form a basis for Hemphill's claims occurred in 1995 at the latest. He further contended that the latest Hemphill could have brought his claim was in 2005 under the 10-year statute of repose.

Jay also argued that if the trial court determined that K.S.A. 60-513(a)(2) and (4) were not the applicable statutes of limitations, then the statute of limitations found in the Kansas Uniform Trust Code (KUTC) would apply. See K.S.A. 58a-1005. Jay maintained that because Hemphill was a minor when the Trust was terminated, K.S.A. 60-515(a) applied. Under K.S.A. 60-515(a), Hemphill had until 1 year after he turned 18 to bring his claim. Moreover, K.S.A.

60-515(a) provides a statute of repose: "[N]o such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action." Jay asserted that Hemphill would have had 8 years from the time the Trust was terminated to bring his cause of action. Jay argued that the latest Hemphill could have filed his claim was in 2003 under K.S.A. 60-515(a).

Hemphill responded to Jay's motion to dismiss, requesting that Jay's motion be treated as a motion for summary judgment because Jay furnished the trial court with matters outside the pleadings. He further contended that summary judgment was inappropriate because discovery was not complete. Hemphill further maintained that the statutes of limitations did not bar his claims. He asserted that a breach of trust claim is governed by the statute of limitations concerning fraud and that he had 2 years from the time the fraud was discovered to file his claim. Hemphill also contended that Jay's fraudulent and wrongful conduct prevented him from filing his claims within the period of the applicable statutes of limitations and that any statute of limitations should be legally and equitably tolled.

Hemphill also moved for leave of court to again amend his petition. Hemphill requested that he be allowed to add claims of constructive fraud and constructive trust. Hemphill alleged that Jay's conduct was a breach of his legal and equitable duties. He further alleged that a confidential relationship existed between Jay and Hemphill and that Jay's actions were a betrayal of that relationship. In the amended petition, he requested a constructive trust be imposed on the property of the Trust for the benefit of the beneficiaries.

After hearing arguments of the parties, the trial court granted both Hemphill's motion to file a second amended petition and Jay's motion to dismiss. The trial court first determined that the Trust was a discretionary trust and that it was in Jay's sole discretion to determine when it was necessary to invade the principal. The trial court further found that Hemphill had failed to allege any specific acts of fraudulent conduct of misuse or theft of any trust assets. The trial court further determined that the applicable statute of

limitations was not tolled and that Hemphill's claims were filed outside the period prescribed by the statute of limitations.

## I. *Standards of Review*

When a trial court has granted a motion to dismiss for failure to state a claim, an appellate court must assume as true all well-pleaded facts in plaintiff's petition, along with any inferences that can be reasonably drawn therefrom. *Rector v. Tatham*, 287 Kan. 230, 232, 196 P.3d 364 (2008). Nevertheless, the appellate court is not required to accept conclusory allegations as to the legal effects of the events if the allegations are not supported or are contradicted by the description of events. *Halley v. Barnabe*, 271 Kan. 652, 656, 24 P.3d 140 (2001). "The appellate court then decides whether those facts and inferences state a claim based on plaintiff's theory or any other possible theory. If so, the dismissal by the district court must be reversed. [Citation omitted.]" 287 Kan. at 232.

In addition, the issue before us requires interpretation of several statutes: "Interpretation of a statute is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. [Citation omitted.]" *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003). The trial court's determination requires us to interpret the applicability of the statutes of limitations and repose.

## II. *Breach of Fiduciary Duty and Conversion Claims*

Hemphill argues that the trial court erred in dismissing his claims as being barred by the statutes of limitations. Nevertheless, Hemphill's breach of fiduciary claim (count II) and the conversion claim (count III) under his second amended petition are barred by the applicable statutes of limitations. In his second amended petition, Hemphill states that Jay sold the farm land that made up the principal of the Trust and distributed all or a substantial portion of proceeds to himself shortly after the cotrustee's death on January 20, 1992. Black's Law Dictionary 1379 (6th ed. 1990) defines "shortly after" as follows: "In point of time, a relative term, meaning in a short or brief time or manner; soon; presently; quickly." Based on Hemphill's petition, this would mean that Jay breached

his fiduciary duty and converted the assets in the Trust in 1992 or 1993, or both. During oral argument, Hemphill conceded that some of the farm land was sold during this period.

Hemphill's claim for conversion is barred by the 2-year statute of limitations period contained in K.S.A. 60-513(a)(2) or by the 10-year statute of repose period under K.S.A. 60-513(b). Moreover, Hemphill's claim for breach of fiduciary duty is barred by the 10-year statute of repose period contained in K.S.A. 60-513(b).

K.S.A. 60-513(b) states that certain causes of action, including those sounding in negligence, "shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury . . . but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action." Although Hemphill correctly points out that this 10-year statute of repose is not applicable to claims sounding in fraud under K.S.A. 60-513(a)(3), there is no such limitations with respect to its application to claims arising under K.S.A. 60-513(a)(2) and (a)(4), as in the present case. Based on Hemphill's second amended petition that Jay breached his fiduciary duty and converted the assets of the Trust in 1992 or 1993, the 10-year statute of repose under K.S.A. 60-513(b) commenced to run, at the latest, by 1993, giving Hemphill until 2003 to present the previously mentioned claims against Jay. Because he failed to do so, these claims are also time barred by the statute of repose.

Moreover, although Hemphill did not turn 18 until September 9, 2005, K.S.A. 60-515(a) deals with the effect of a plaintiff's minority or disability on the running of a statute of limitations. That section states as follows:

"[I]f any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, . . . such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action." K.S.A. 60-515(a).

The statute of repose under K.S.A. 60-515(a) limits the time during which a cause of action can arise to 8 years after the time

of the act giving rise to the cause of action. Because the act occurred in 1993, at the latest, Hemphill's actions were time barred because his petition was filed beyond the 8-year period under K.S.A. 60-515(a).

III.  *Breach of Trust Claim*

In addition, Hemphill's breach of trust claim (count I) under his second amended petition is time barred by an applicable statute of limitations. In support of his breach of trust claim, Hemphill cites K.S.A. 58a-802 under the KUTC. The KUTC went into effect on January 1, 2003. See K.S.A. 58a-101 *et seq*. Hemphill asserts in his amended petition that Jay "continues to commit breaches of his trust by failing to provide Plaintiff with accountings and reports as required by the [KUTC] and applicable prior laws." Nevertheless, the KUTC states that "an act done before the effective date of this act is not affected by this act." K.S.A. 58a-1106(a)(5). As stated earlier, the Trust was created on December 28, 1984, before the enactment of the KUTC. Moreover, the KUTC states: "If a right is acquired, extinguished, or barred upon the expiration date of a prescribed period that has commenced to run under any other statute before the effective date of the act, that statute continues to apply to the right even if it has been repealed or superseded." K.S.A. 58a-1105(b).

Because Jay's alleged wrongdoing, failing to furnish Hemphill with accountings and reports, occurred before the effective date of the KUTC, the breach of trust claim is time barred by K.S.A. 60-511(1). Under Article VII, paragraph D, of the Trust agreement, the settlors relieved the trustee from any and all inventory and accounting duties under K.S.A. 59-1605 and K.S.A. 59-1606. See K.S.A. 59-1607 (gives a settlor of any trust the power, by provision in the instrument creating the trust, to relieve the trustee from any and all inventory and accounting duties). The Trust agreement, under Article VII, paragraph K, however, required, the trustee to "render periodic reports at least annually, to each beneficiary then eligible to receive the current income of the trust." For the purpose of this opinion, we will assume that Hemphill was an eligible beneficiary entitled to receive such reports. As discussed ear-

lier, Hemphill's second amended petition stated that Jay sold the farm land that made up the principal of the Trust and distributed all or a substantial portion of the proceeds to himself, at the latest, by 1993. As a result, Hemphill would have had until 1998 to bring a claim against Jay based on his failure to make reports to eligible beneficiaries as required by the Trust agreement. See K.S.A. 60-511(a) (An action shall be commenced within 5 years upon any agreement, contract, or promise in writing.).

Hemphill implicitly concedes that all of his claims against Jay are time barred by one or more of the applicable statutes of limitations or statutes of repose except for two claims. At the end of his brief, Hemphill mentions only two claims that may have tolled the statutes of limitations:

"For the reasons set forth above, the plaintiff urges the Court of Appeals to adopt the reasoning of the Kansas Supreme Court in *Jennings* and the other authorities cited above and to find that the statue of limitations has been tolled with respect to the plaintiff's breach of trust and constructive fraud claims."

Moreover, Hemphill concedes in his brief that both his breach of trust and constructive fraud claims are governed by K.S.A. 60-513(a)(3). Based on his second amended petition, Hemphill treats his breach of trust claim under his constructive fraud claim (count IV).

### IV. *Constructive Fraud Claim*

This brings us to Hemphill's constructive fraud claim against Jay. Our Supreme Court in *Nelson v. Nelson*, 288 Kan. 570, 583, 205 P.3d 715 (2009), defined constructive fraud as

" ' " 'a breach of a legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others or violate a confidence, and neither actual dishonesty [n]or purpose of intent to deceive is necessary.' " [Citation omitted.] Two additional elements must also be proven in order to establish constructive fraud: (1) a confidential relationship, and (2) a betrayal of this confidence or a breach of a duty imposed by the relationship. [Citation omitted.]' *Schuck v. Rural Telephone Service Co.*, 286 Kan. 19, 26, 180 P.3d 571 (2008)."

Notwithstanding the general liberality of notice pleading, a claim of fraud is one of those matters that must be pleaded "with partic-

ularity." K.S.A. 60-209(b). Our Supreme Court, however, has not determined "whether the heightened standard of pleading fraud with particularity applies when constructive fraud is being pled" in Kansas. *Nelson*, 288 Kan. at 583.

In acknowledging that there is a split of authority on whether the heightened standard of pleading fraud with particularity applies to a constructive fraud claim, our Supreme Court in *Nelson* stated the following:

"Although a federal district court applying Kansas law regarding constructive fraud and the federal counterpart to K.S.A. 60-209(b)—Federal Rules of Civil Procedure (Rule) 9(b)—has stated that particularity is required when pleading constructive fraud (*Geer*, 242 F.Supp.2d at 1024), there is a split of authority on the question. Compare, *e.g., 3D Global Solutions, Inc. v. MVM, Inc.*, 552 F. Supp. 2d 1, 8 (D.D.C. 2008) (dismissing constructive fraud claim for failure to satisfy particularity requirements of Rule 9[b]); *In re Merrill*, 343 Bankr. 1, 9 (Bankr. D. Me. 2006); *Town of Geraldine v. Montana Municipal Ins. Authority*, 347 Mont. 267, 274, 198 P.3d 796, 801 (2008) (incorporating allegations of other counts and stating the ' "misleading behavior described above constitutes constructive fraud" ' lacks particularity); *Mortarino v. Consultant Eng. Services*, 251 Va. 289, 295, 467 S.E.2d 778 (1996) (rejecting a claim for constructive fraud because the plaintiff 'failed to plead, with the requisite degree of particularity, facts which support all the elements of [the] cause of action') with, *e.g., In re Allou Distributors, Inc.*, 387 Bankr. 365, 385 (Bankr. E.D.N.Y. 2008) ('The particularity requirement of Rule 9[b] applies only if actual, as opposed to constructive, fraud is alleged.'); *Cendant Corp. v. Shelton*, 474 F. Supp. 2d 377, 380 (D. Conn. 2007) ('Courts have not applied Rule 9[b] to claims of constructive, rather than actual, fraud.'); *Rosales v. AT&T Information Systems, Inc.*, 702 F. Supp. 1489, 1498 (D. Colo. 1988) (adopting position that Rule 9[b] is inapplicable to constructive fraud claims); *Terry v. Terry*, 302 N.C. 77, 83, 273 S.E.2d 674 (1981) ('claim of constructive fraud does not require the same rigorous adherence to elements as actual fraud')." *Nelson*, 288 Kahn. At 583-84.

Upon concluding that the plaintiff in *Nelson* had not asserted a constructive fraud claim, our Supreme Court declined to decide the issue of whether the heightened standard of pleading fraud with particularity applies to a constructive fraud claim in Kansas. 288 Kan. at 584.

Like the parties in *Nelson*, the parties here do not acknowledge the lack of Kansas authority or the split of authority in other jurisdictions on this issue. See 288 Kan. at 584. Nevertheless, we are persuaded by the reasoning in the numerous court decisions that

have held that the specificity in pleading requirement applies to a constructive fraud claim. For instance, in the federal district court case of *Anderson v. Franklin*, 2010 WL 742765, at *8 (E.D. Mich. 2010) (unpublished opinion), the court recognized that the specificity in pleading requirements for fraud are equally applicable to a constructive fraud claim:

"Although plaintiff need not plead or prove defendants' intent to succeed on her constructive fraud claim, [Fed. R. Civ. Proc.] Rule 9(b) does not require specificity in pleading with respect to fraudulent intent. [Citation omitted.] Rather, Rule 9(b) requires specificity with respect to the acts, statements, or omissions alleged to have been fraudulent. These elements are equally present in a claim of constructive fraud, and thus the courts have applied Rule 9(b) to all species of constructive fraud claims. [Citations omitted.]".

See *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1021 (N.D. Cal. 2009) (granting motion to dismiss counterclaim for constructive fraud where complaint did not meet heightened pleading standard required for fraud); *Taylor v. Feinberg*, 2009 WL 3156747, at *5 (N.D. Ill. 2009) (unpublished opinion) (Although constructive fraud does not require actual dishonesty or intent to deceive, it still amounts to positive fraud and must be pled with particularity.); *Promotional Management Group, Inc. v. Hsieh*, 2009 WL 2849630, at *7 (W.D. Tex. 2009) (unpublished opinion) (Common law fraud includes a claim for constructive fraud, and such a claim must meet the heightened pleading requirements under Fed. R. Civ. Proc. 9[b].).

We pause to point out that even where a court has held that a constructive fraud claim requires less particularity in pleading requirements than actual fraud, it declared that a plaintiff must still allege particular facts and circumstances sufficient to create a constructive fraud claim. Specifically, in *Terry v. Terry*, 302 N.C. 77, 83, 273 S.E.2d 674 (1981), the North Carolina Supreme Court, in recognizing that a claim of constructive fraud does not require the same rigorous adherence to elements as actual fraud, stated as follows:

"In stating his cause of action [for constructive fraud, which arises upon a breach of a confidential or fiduciary relationship], it is not sufficient for plaintiff to allege merely that defendant had won his trust and confidence and occupied a position

of dominant influence over him. Nor does it suffice for him to allege that the deed in question was obtained by fraud and undue influence. . . . It is necessary for plaintiff to allege facts and circumstances (1) which created the relation of trust and confidence, and (2) (which) led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff."

Thus, the court held that although constructive fraud requires less particularity than actual fraud based upon the nature of the claim, the plaintiff must still allege particular facts and circumstances to support a constructive fraud claim. 302 N.C. at 84-85.

Nevertheless, like the cases mentioned previously, we are persuaded by the analysis of courts that have applied the specificity in pleading requirement to a constructive fraud claim. In the Kansas federal district court decision of *Geer v. Cox*, 242 F. Supp. 2d 1009, 1024 (D. Kan. 2003), the court, in applying Kansas law and K.S.A. 60-209(b) and determining that the plaintiff did not plead actual fraud or constructive fraud, stated:

"Any claim of fraud must be pleaded with particularity. This means that to survive a motion to dismiss, an allegation of fraud must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."

Here, Hemphill attached to his second amended petition, as Exhibit A, a true and correct copy of the Shore Family Trust. See K.S.A. 60-209(h). Under Article IV, paragraph B.1, the provisions of the Trust dealing with the distribution of the income and principal of the Trust, stated as follows:

"During the lifetimes of Jay F. Shore and Susan L. Shore, the Trustee, *in said Trustee's sole discretion*, shall pay the income of the Shore Family Trust to Jay F. Shore and Susan L. Shore and/or their issue, in such amounts *as the Trustee may deem necessary* to provide for said income beneficiaries' health, education, support or maintenance. . . .

"In the event the income of The Shore Family Trust is Insufficient, *in the Trustee's sole discretion*, to provide for the health, education, support or maintenance of Jay F. Shore and Susan L. Shore, the Trust may invade the principal of The Shore Family Trust to the extent said Trustee deems necessary to provide for the benefit of Jay F. Shore and Susan L. Shore." (Emphasis added.)

Hemphill's second amended petition alleges that "[s]hortly after Susan L. Shore's death, the Trust's remaining trustee, Defendant,

sold the farm ground that previously comprised the principal of the Trust and distributed all or a substantial portion of the proceeds to himself, which proceeds were upon information and belief, used by Defendant for his own personal purposes." This allegation does not identify the time, place, or content of the sale of the "farm ground." Moreover, the allegation does not assert anything was improper or fraudulent about the sale of the farm land or about the distribution of the proceeds from the sale of the farm land.

As stated earlier, Hemphill filed suit in this matter on April 8, 2009. Even the latest period of the alleged wrongdoing—the selling of the farm land and the misappropriation of the proceeds from the sale of the farm land in 1993—occurred over 15 years before the filing of the suit. Hemphill has failed to either plead or present any facts which indicate when the alleged fraud was discovered. In addition, the petition fails to allege that the fraud was not and could not have been discovered earlier than 2 years preceding the commencement of suit on April 8, 2009.

Our Supreme Court has held that the burden of pleading and proving the applicability of the affirmative defense of the statute of limitations rests on the defendant. Nevertheless, the plaintiff bears the burden of proving facts sufficient to toll the statute of limitations. *Slayden v. Sixta,* 250 Kan. 23, 26, 825 P.2d 119 (1992). Consequently, to avoid the bar of the statute of limitations in a cause of action for fraud, it was incumbent upon Hemphill to state, with particularity, facts, rather than conclusions, which excused his failure to learn of the fraud within the statutory period.

What is particularly troubling in the present case is that when Hemphill filed his second amended petition, he was aware of Jay's argument that his claims were outside of the applicable statutes of limitations. Hemphill's motion to file his second amended petition was made in direct response to Jay's motion to dismiss, in which Jay alleged that Hemphill's claims were barred by the applicable statutes of limitations and statutes of repose and that Hemphill had failed to allege fraud or fraudulent concealment to bring him within K.S.A. 60-513(a)(3). Despite being given multiple chances to adequately plead his cause of action and being notified by Jay that he had failed to assert a fraud claim that placed him outside of the

applicable statutes of limitations, Hemphill still did not set forth sufficient facts and circumstances in his second amended petition that excused his failure to learn of the alleged fraud during the limitations period.

Because Hemphill failed to allege that he discovered the fraud less than 2 years before the commencement of his suit, Hemphill's amended petition fails to show that his suit tolled the statute of limitations under K.S.A. 60-513(a)(3). This is especially true when Hemphill's amended petition alleged facts (shortly after Susan L. Shore's death on January 20, 1992, Jay sold the farm land that made up the principal of the Trust and distributed all or a substantial portion of the proceeds to himself) which would have reasonably put Hemphill upon notice of the alleged fraud and thus start the running of K.S.A. 60-513(a)(3) more than 2 years before the commencement of the suit. Indeed, the facts alleged in Hemphill's amended petition showed that his fraud claim was barred by K.S.A. 60-513(a)(3). Moreover, no facts were alleged which would negate this defense.

In addition, the second amended petition alleges that the "[d]efendant continues to commit breaches of his trust by failing to provide Plaintiff with accounts and reports as required by the Kansas Uniform Trust Code and applicable prior laws." This allegation fails to allege with specificity how Jay's failure to furnish Hemphill with accountings and reports were acts of fraudulent concealment. Moreover, the alleged failure to furnish Hemphill with accounts and reports, in and of itself, could not damage Hemphill; only the underlying acts of Jay selling the farm land and his alleged misappropriation of the proceeds from the sale of the farm land could arguably damage Hemphill.

Additionally, the Trust agreement, under Article VII, paragraph G, gave the trustees discretion as to whether to make an accounting to the beneficiaries: "The Trustee *may* render an accounting at any time to the beneficiaries of the trusts created herein." (Emphasis added.) In particular, the Trust agreement states that an accounting *may* be furnished to only those beneficiaries who have had a trust created. Hemphill fails to assert in his second amended petition whether a trust had ever been created for him.

Further, the second amended petition alleges the following:

"22. Defendant's conduct was a breach of a legal and equitable duty which, irrespective of his moral guilt, is fraudulent because of its tendency to deceive others and violate a confidence owed to the beneficiaries of the Trust.

"23. A confidential relationship existed between Defendant and Plaintiff when Defendant undertook the actions described herein, and Defendant's actions were a betrayal of this relationship."

These extremely conclusory allegations do not adequately plead fraud with the particularity necessary to satisfy K.S.A. 60-209(b). Moreover, under Article IV, paragraph B.1, the Trust agreement states as follows:

"In the event the income of the Shore Family Trust is insufficient, in the Trustee's sole discretion, to provide for the health, education, support or maintenance of Jay F. Shore and Susan L. Shore, the Trustee may invade the principal of The Shore Family Trust to the extent said Trustee deems necessary to provide for the benefit of Jay F. Shore and Susan L. Shore."

Here, the Trust agreement does not require the trustees to consider the beneficiary's other assets in making a distribution. Thus, the trustees could not consider outside resources in making a distribution. When all is considered, Hemphill has failed to plead with specificity how Jay, as the surviving trustee, betrayed the confidence that Hemphill had placed in him or how Jay breached a duty imposed by the relationship.

Finally, based on the above analysis, Hemphill has failed to state a cause of action for constructive fraud that would avoid the 10-year statute of repose. As set out previously, K.S.A. 60-513(b) provides that "in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action." While claims of fraud and fraudulent concealment make the statute of repose inapplicable, the facts of this case, as alleged in Hemphill's second amended petition, fall short of establishing fraud or fraudulent concealment.

Specifically, nothing in Hemphill's second amended petition explains why he waited for 15 years after the farm land was sold to file his lawsuit or why that delay should be attributed to Jay. Nowhere in Hemphill's pleadings were there facts and circumstances about what prompted the discovery of the sale of the farmland and

why such discovery should not have occurred sooner. Moreover, as discussed previously, Hemphill has failed to adequately plead with specificity the facts and circumstances giving rise to the elements of a cause of action for constructive fraud. Based on the facts and circumstances contained in the pleadings in this case, we determine that Hemphill has failed to demonstrate that he has any cause of action for constructive fraud that withstands or avoids application of the statute of repose. See *Stark v. Mercantile Bank, N.A.*, 29 Kan. App. 2d 717, 725, 33 P.3d 609 (2000) (holding that where plaintiff failed to demonstrate cause of action for fraud or fraudulent concealment that withstands or avoid statute of repose, the trial court properly granted defendant's motion to dismiss under K.S.A. 60-212[b][6]).

In summary, because Hemphill's second amended petition does not state a claim upon which relief can be granted, the trial court properly dismissed Hemphill's claims against Jay under K.S.A. 60-212(b)(6).

Affirmed.