(79 P.3d 197)
No. 89,850

ANTHONY VONDRACEK, CHARLES VONDRACEK, FRANCIS VONDRACEK, FRANK VONDRACEK, MARIE VONDRACEK, and VONDRACEK BROTHERS, *Appellants*, v. MID-STATE CO-OP, INC., *Appellee*.

Opinion filed November 21, 2003.

*Jeff Lee McVey* and *Brock R. McPherson,* of McPherson & McVey Law Offices, Chtd., of Great Bend, for appellants.

*Richard A. Benjes,* of Hutchinson, for appellee.

Before ELLIOTT, P.J., MALONE, J., and ROGG, S.J.

MALONE, J.: Anthony Vondracek, Charles Vondracek, Francis Vondracek, Frank Vondracek, Marie Vondracek, and Vondracek Brothers (Vondraceks) appeal the district court's grant of summary judgment in favor of Mid-State Co-Op, Inc. (Mid-State). The issues are whether the district court erred in finding that the Vondraceks failed to sufficiently plead fraud and in assessing sanctions under K.S.A. 2002 Supp. 60-211. We affirm the grant of summary judgment but reverse the assessment of sanctions.

In April 1987, Mid-State filed several lawsuits against the Vondraceks asking for $40,055.21 for amounts due on their accounts. The Vondraceks answered the petition and filed a counterclaim against Mid-State.

The parties attempted to negotiate as their lawsuits approached trial. According to Mid-State's attorney, a breakthrough occurred on February 11, 1988, when the Vondraceks offered Mid-State $25,243.54 cash, *plus* all Mid-State stock and equities held by the Vondraceks, in settlement of all claims. Mid-State's attorney met with the board of directors to consider the settlement proposal, and the terms were accepted by Mid-State. According to records

at the board of directors' meeting, all claims against the Vondraceks were settled for "$25,243.54 cash . . . and all stock totaling $12,006.80."

The journal entry, filed on March 21, 1988, granted Mid-State judgment against the Vondraceks for $25,243.54, plus the costs of the action. However, the journal entry was silent regarding the stock surrender by the Vondraceks. On May 20, 1988, a notice of satisfaction and release of judgment was filed with the district court.

In December 1997, almost 10 years after the journal entry was filed, the Vondraceks claimed they first learned that their stock in Mid-State had been set off as part of the settlement agreement. The Vondraceks also learned that before they could become co-op members again, they would have to pay Mid-State $6,719.78 for "losses in handling and writing off" the Vondraceks' past due accounts.

On September 24, 1999, the Vondraceks filed suit against Mid-State, alleging breach of contract and misrepresentation (fraud). Mid-State answered and filed a motion for summary judgment, claiming that the lawsuit was barred by the statute of limitations. On September 14, 2000, the district court granted Mid-State's summary judgment motion solely on the grounds that the Vondraceks' claims were barred by the statute of limitations.

The Vondraceks appealed on their fraud claim, and the Court of Appeals reversed and remanded on the ground that the record failed to establish when the Vondraceks knew, or should have known, that their stock and equities were set off as part of the settlement agreement. *Vondracek v. Mid-State Co-Op, Inc.*, No. 86,024, unpublished opinion filed on February 8, 2002. In the appeal, the parties briefed and argued whether the Vondraceks' fraud claim was sufficiently pled. See K.S.A. 2002 Supp. 60-209(b). However, the appellate court made no ruling on that issue since the district court had not addressed the issue in initially granting summary judgment.

Upon remand, the case proceeded to pretrial conference on August 22, 2002. The Vondraceks never made any attempt to amend their fraud claim. Mid-State filed another motion for summary

judgment, asserting that the Vondraceks failed to sufficiently plead fraud. The district court again ruled in favor of Mid-State and, this time, dismissed the case based solely on the Vondraceks' failure to sufficiently plead fraud pursuant to K.S.A. 2002 Supp. 60-209(b).

Mid-State also filed a motion for attorney fees and assessment of costs. The district court ruled that the Vondraceks' petition "was in violation of K.S.A. 60-211, by presenting claims which were not warranted by existing law." The district court awarded Mid-State attorney fees in the amount of $6,500 assessed against the Vondraceks but not their attorneys.

This timely appeal follows.

### Pleading fraud with particularity

The Vondraceks claim that the district court erred in granting summary judgment in favor of Mid-State based on their failure to sufficiently plead fraud.

"The standard of review for a motion for summary judgment is well established. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. K.S.A. 60-256(c). On appeal, we apply the same rules, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citation omitted.]" *Jackson v. U.S.D. 259*, 268 Kan. 319, 322, 995 P.2d 844 (2000).

See K.S.A. 2002 Supp. 60-256(c).

Generally, the Kansas Rules of Civil Procedure permit notice pleading. In other words, a pleading is sufficient if it contains "[a] short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment." K.S.A. 2002 Supp. 60-208(a). An exception exists, however, in pleading fraud. Under K.S.A. 2002 Supp. 60-209(b), when pleading fraud, the circumstances constituting fraud must be stated with particularity.

"Actionable fraud includes an untrue statement of fact, known to be untrue by the party making it, made with the intent to deceive or recklessly made with disregard for the truth, where another party justifiably relies on the statement and acts to his injury." *Nordstrom v. Miller*, 227 Kan. 59, Syl. ¶ 6, 605 P.2d 545 (1980).

According to Pattern Instructions for Kansas (PIK Civ. 3d), the essential elements required to sustain an action for fraud are:

"1. That false (*or untrue*) representations were made as a statement of existing and material fact.

"2. That the representations were known to be false (*or untrue*) by the party making them, or were recklessly made without knowledge concerning them.

"3. That the representations were intentionally made for the purpose of inducing another party to act upon them.

"4. That the other party reasonably relied and acted upon the representations made.

"5. That the other party sustained damage by relying upon them." PIK Civ. 3d 127.40.

On appeal, the Vondraceks direct this court to paragraphs 16, 17, 18, and 19 of their petition to support their argument that fraud has been sufficiently pled. These paragraphs allege the following:

"16. That during negotiations for the claims . . . Mid-State Co-Op, Inc.[,] advised the Plaintiff[s] herein that it was not willing to apply or offset the Plaintiffs' stock and other equities of the Cooperative to the disputed amount . . . .

"17. That the Defendant, Mid-State Co-Op, Inc., also advised the Plaintiff[s] that they were not eligible for the redemption or repurchase of their stock and other equity, as evidenced by the Reply to Counterclaim filed in the respective cases.

"18. That based upon this representation, the Plaintiffs believed that their stock was intact and not subject to being used as set-off.

"19. That the Plaintiffs relied upon the representation of the Defendant, Mid-State Co-Op. Inc., and worked out a cash settlement of the issues . . . ."

A review of these assertions reveals that the Vondraceks have failed to sufficiently plead a fraud claim against Mid-State. The petition makes no attempt to clearly delineate the five elements of fraud established by case law and set forth in PIK Civ. 3d 127.40 for fraud. There is no allegation that Mid-State ever made a statement with an intent to defraud. Most strikingly, there is no allegation that Mid-State has ever knowingly made an untrue statement. Only two elements of fraud are alleged in the Vondraceks' petition: (1) that the Vondraceks relied on certain statements by Mid-State and (2) that they suffered damages by relying on those statements. Even if every statement in paragraphs 16-19 of the

petition were proven, the Vondraceks would fail to establish a valid claim of fraud against Mid-State.

Case law provides examples that the statutory requirement to plead fraud with particularity is strictly enforced. In *Palmer v. Brown*, 242 Kan. 893, 752 P.2d 685 (1988), the plaintiff brought an action against her former employer for retaliatory discharge and fraud. The Supreme Court upheld the dismissal of the fraud claim because it did not allege the fraudulent inducements with particularity. 242 Kan. at 901. In *McGill v. Kuhn*, 186 Kan. 99, 348 P.2d 811 (1960), the plaintiffs brought a quiet title suit and the defendant filed an answer and cross-claim alleging fraud. The Supreme Court held the defendant's fraud claim was insufficiently pled because it did not allege knowledge by the plaintiffs of the alleged intent to defraud the defendant. 186 Kan. at 104.

This lawsuit was pending for nearly 3 years before it proceeded to pretrial conference. During that time, the Vondraceks never attempted to amend their petition to state fraud with more particularity even though they knew this was a potential issue in the case. Given that the petition only states two elements of fraud with particularity, we agree that the Vondraceks' fraud claim was insufficiently pled pursuant to K.S.A. 2002 Supp. 60-209(b). The district court did not err in granting summary judgment for this reason.

*Sanctions under K.S.A. 2002 Supp. 60-211*

Next, the Vondraceks allege that the district court erred in assessing sanctions against them pursuant to K.S.A. 2002 Supp. 60-211(c). Generally, the imposition of sanctions is discretionary with the district court, and its rulings will not be disturbed absent an abuse of that discretion. *Wood v. Groh*, 269 Kan. 420, 429, 7 P.3d 1163 (2000). However, the district court's ruling involved an interpretation of K.S.A. 2002 Supp. 60-211. An appellate court is not bound by the district court's interpretation of a statute. 269 Kan. at 429-30.

Pursuant to K.S.A. 2002 Supp. 60-211(c), a district court "shall" impose appropriate sanctions, which may include, *inter alia*, attorney fees if a party signs a pleading, motion, or other paper in violation of K.S.A. 2002 Supp. 60-211(b). See *Wood*, 269 Kan. at 430.

Violations of K.S.A. 2002 Supp. 60-211(b) include stating claims, defenses, and other legal contentions not warranted by existing law or a frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. If a pleading is signed in violation of 60-211, the court shall impose appropriate sanctions "upon the person who signed it or a represented party, or both . . . ." K.S.A. 2002 Supp. 60-211(c).

Courts should take the following factors into consideration when determining whether to sanction a party under 60-211 and what kind of sanction to impose:

"1. whether the improper conduct was willful or negligent;

"2. whether it was part of a pattern of activity or an isolated event;

"3. whether it infected the entire pleading or only one particular count or defense;

"4. whether the person has engaged in similar conduct in other litigation;

"5. whether it was intended to injure;

"6. what effect it had on the litigation process in time or expense;

"7. whether the responsible person is trained in the law;

"8. what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and

"9. what amount is needed to deter similar activity by other litigants. [Citation omitted.]" *Wood*, 269 Kan. at 431.

Here, the district court determined that the Vondraceks' petition was totally lacking in a basis for a claim of fraud. However, the only statutory violation specifically cited by the district court was that the Vondraceks' petition "was in violation of K.S.A. 60-211, by presenting claims which were not warranted by existing law." The district court awarded attorney fees and expenses in the amount of $6,500 assessed against the Vondraceks but not their attorneys.

We have difficulty agreeing that the Vondraceks' attempted fraud claim violated K.S.A. 2002 Supp. 60-211(b) "by presenting claims which were not warranted by existing law." This sanction is generally utilized when a party files a claim based upon a legal theory that is clearly contrary to statute or case law. Here, the Vondraceks' petition was dismissed for failure to plead fraud with particularity. This is not the same as presenting a claim which is not warranted by existing law. If sanctions are warranted against the Vondraceks in this instance, it would seem that sanctions

should be assessed against a party any time a petition is dismissed based upon the pleadings.

Also, the district court made no attempt to consider the factors set forth in *Wood* in determining whether sanctions should be assessed in this case. In assessing sanctions, the district court stated: "[I]t appears to me that this case has gone on much too long and should have been resolved early on." However, the district court failed to provide further reasoning to support it assessment of sanctions.

Finally, even if sanctions were appropriate, it appears they should have been more properly assessed against the Vondraceks' attorneys rather than the Vondraceks. This lawsuit was initiated with the filing of an unverified petition signed only by counsel. It contained one count for breach of contract and one count attempting to allege misrepresentation or fraud. The Vondraceks probably had little to do with deciding what legal theories should be pursued. More than likely, they relied solely upon their attorneys to appropriately draft the pleadings filed in the case.

Considering all the facts and circumstances, we hold the district court improperly applied K.S.A. 2002 Supp. 60-211 and abused its discretion in assessing sanctions against the Vondraceks. The award of $6,500 in favor of Mid-State for attorney fees is set aside.

Affirmed in part and reversed in part.