(305 P.3d 664)

No. 106,962

In the Matter of the Marriage of JULIE A. BERGMANN, *Appellee,*
and ROBERT A. SOKOL, *Appellant.*

Opinion filed
June 14, 2013.

*Robert Alan Sokol,* pro se appellant.

*J. Eugene Balloun* and *Zach Chaffee-McClure,* of Shook, Hardy & Bacon L.L.P.,
of Kansas City, Missouri, and *Karen E. Snyder,* guardian ad litem, of Snyder Law
Firm, of Leawood, for appellee.

Before HILL, P.J., PIERRON and SCHROEDER, JJ.

SCHROEDER, J.: Robert A. Sokol appeals the district court's set-
ting of guardian ad litem (GAL) fees at $175 per hour and the
assessment of sanctions against him pursuant to K.S.A. 2011 Supp.
60-211. This is the eighth appeal before our court involving this
family. Having reviewed the record before the district court, we
find the district court did not abuse its discretion and affirm its
decision.

## FACTS

The parties have been litigating custody issues since 1993. As
the litigation continued, the district court requested Karen Snyder
to serve as GAL in September 2010. In an e-mail, the district court
set Snyder's compensation at $100 per hour and required each
party to deposit $750 with the clerk's office for her fees. On No-
vember 1, 2010, the district court cancelled Snyder's appointment
and ordered her to be paid at the "previously determined" rate of

$175 per hour. The court also stated: "Ms. Snyder is asked to submit an itemized statement to the Court and to the parents, together with an Order for Pay Out for the court's signature."

Sokol e-mailed Snyder on November 29, 2010, asking if she had sent the itemized billing. Snyder replied she would submit the billing later that day. On January 6, 2011, Sokol again e-mailed Snyder, asking for her billing. Snyder did not respond.

In his April 26, 2011, pro se Motion For Return of Deposit and Sanctions, Sokol said Snyder had failed to provide a billing. Additionally, Sokol argued Snyder's husband had worked at the same firm as Julie A. Bergmann's attorney, J. Eugene Balloun, thereby creating a conflict of interest. Sokol asked for reimbursement of his deposit, interest on his deposit, attorney fees, and for Snyder to be sanctioned.

Sokol's motion called the deposit retention "conscious theft," asked for Snyder's removal from the GAL list for 18 months, questioned why a GAL would act in this manner, and asserted that "to find a bad apple in this bunch looks bad for all [GALs]." He challenged Snyder's ability to be a GAL, comparing her actions with other "shenanigans" in the CINC proceeding.

GAL Snyder responded, claiming Sokol's request for sanctions was "improper and unfounded" and asserting that her husband's prior employment 11 years ago was irrelevant. She requested approval of her fees and denial of Sokol's request for sanctions.

Sokol's next reply came on July 21, 2011 through counsel, raising the same issues and claiming Snyder's fees and billing practices violated KRPC 3.3(a)(1) (2012 Kan. Ct. R. Annot. 582). He asked for return of his deposit, court costs, attorney fees, and sanctions, along with an audit of Snyder's GAL work.

On July 26, 2011, Bergmann filed a supplemental response to Sokol's motions, asking for approval of the GAL fees and for sanctions against Sokol and his attorney pursuant to K.S.A. 2011 Supp. 60-211(b) and (c).

On July 28, 2011, the district court heard the pending motions for sanctions. Snyder testified she continued to receive e-mails from both parties requesting her involvement even after her appointment was cancelled. She also testified about her poor health

in January and February. She stated Sokol's motion contained "horrible statements of a personal nature [going] far beyond his issue with me submitting fees." She asked for his pleadings to be stricken. Counsel for Bergmann agreed and asked for sanctions.

The district court ruled the hourly rate for Snyder's fees was controlled by the November 1, 2010, order, stating:

"Court Order will always take precedence over an e-mail. It asked her to submit an itemized statement. It didn't really—didn't order it but it asked her to do it so she could get, she could get herself paid, and then the remaining funds would be reimbursed back to the parents equally once she was paid."

The district court found Snyder's fees were reasonable under the eight factors of KRPC 1.5 (2012 Kan. Ct. R. Annot. 492), and approved them at the rate of $175 per hour. The court found no conflict of interest with Snyder's husband's prior employment.

Finally, the court told Sokol's counsel she owed "this very professional, responsible, civil attorney [Snyder] a sincere apology for these kind [sic] of allegations over someone that's been asked to help this family that's been in litigation for 18 or longer years and was brought into it briefly." The court found Sokol's allegations violated K.S.A. 2011 Supp. 60-211. The court sanctioned Sokol, ordering him to pay $175 to Snyder and $350 to Bergmann's counsel.

## Did the District Court Err in Setting GAL Fees?

*Standard of Review*

The issue of GAL fees involves findings of fact and issues of law creating a mixed standard of review. An appellate court reviews the trial court's findings of fact to determine if the findings are supported by substantial competent evidence and are sufficient to support the trial court's conclusions of law. *Hodges v. Johnson*, 288 Kan. 56, 65, 199 P.3d 1251 (2009). Substantial competent evidence is such legal and relevant evidence as a reasonable person might regard as sufficient to support a conclusion. *Hodges*, 288 Kan. at 65. An appellate court has unlimited review of conclusions of law. *American Special Risk Management Corp. v. Cahow*, 286 Kan. 1134, 1141, 192 P.3d 614 (2008). Determining whether a court has

authority to change rulings is an issue of law that should be reviewed de novo.

*Changing a Court Decision*

Sokol cites *Vaughn v. Murray*, 214 Kan. 456, 464, 521 P.2d 262 (1974), as authority for why the district court may not retroactively change fees. He explains the e-mail was a "prior judicial resolution" and his reliance on the e-mail created promissory estoppel. However, the October e-mail was not a "prior judicial resolution."

*Vaughn* is a well-established Kansas case discussing whether courts may apply an overruling decision prospectively or retroactively. Here, no final decision had been handed down. The e-mail from the district court judge was not a final decision. Therefore, *Vaughn* does not apply.

The discussion regarding Snyder's fees took place within ongoing proceedings. In this context, a court retains its inherent power to review its own proceedings to correct errors and prevent injustice until a final judgment is entered. *Bichelmeyer Meats v. Atlantic Ins. Co.*, 30 Kan. App. 2d 458, Syl. ¶ 3, 42 P.3d 1191 (2001). Here, the district court heard evidence about the conflicting e-mail and order, heard testimony regarding which fee was applicable, and then decided the order controlled. The trial court's ruling was based in fact, and the court found $175 per hour reasonable. *Cf. City of Wichita v. BG Products, Inc.*, 252 Kan. 367, Syl. ¶ 2, 845 P.2d 649 (1993) (trial court is expert on attorney fees). Therefore, *Vaughn* does not apply and Sokol's argument misses the mark. The district court had the authority to clarify its orders.

## DID THE DISTRICT COURT ERR IN SANCTIONING SOKOL?

The district court sanctioned Sokol under K.S.A. 2011 Supp. 60-211. This statute permits the court to consider sanctions on a party under section (b), as follows:

"By presenting to the court a pleading, written motion or other paper, whether by signing, filing, submitting or later advocating it, an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief formed after an inquiry reasonable under the circumstances:

(1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation;

(2) the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

## Standard of Review

The standard of review for sanctions under K.S.A. 2011 Supp. 60-211 is confusing given recent changes by our legislature on July 1, 2010. This confusion is understandable, as different cases seem to impose different standards of review. We will address this confusion and clarify the standard of review under K.S.A. 2011 Supp. 60-211 as the statute is currently drafted.

In 2010, this court published two opinions on the same day, both articulating different standards of review for sanctions under 60-211: *Thornburg v. Schweitzer*, 44 Kan. App. 2d 611, 625, 240 P.3d 969 (2010) (abuse of discretion); *Moreland v. Perkins, Smart & Boyd*, 44 Kan. App. 2d 628, 643, 240 P.3d 601 (2010) (substantial competent evidence). Appellee cites *Moreland*, claiming the standard of review is substantial competent evidence.

*Moreland* relies on *Evenson Trucking Co. v. Aranda*, 280 Kan. 821, Syl. ¶ 1, 127 P.3d 292 (2006), for its standard of review. However, *Evenson* was written during a time when violation of 60-211 incurred mandatory sanctions. With mandatory sanctions, the trial court's responsibility was that of applying the facts to the statute. As a fact-driven analysis, this would, appropriately, require a substantial competent evidence standard of review. See *In re Marriage of Stockham*, 23 Kan. App. 2d 197, 201, 928 P.2d 104 (1996), *rev. denied* 261 Kan. 1085 (1997).

However, Sokol's violation occurred under K.S.A. 2011 Supp. 60-211, which states courts *may* impose sanctions for violations of 60-211. Because trial courts now exercise discretion when deciding when to impose sanctions, the analysis in *Evenson* is no longer applicable. In fact, *Evenson* even mentions that sanctions used to be a matter of judicial discretion, but it based its standard of review

on a statute imposing mandatory sanctions. *Evenson*, 280 Kan. at 835. Thus, while *Evenson* is still good law, the substantial competent evidence standard it utilizes does not match the current statutory construction of K.S.A. 2011 Supp. 60-211.

*Thornburg*, which was published at the same time as *Moreland*, follows an abuse of discretion standard of review in 60-211 sanctions cases. The court said:

"Imposition of sanctions pursuant to K.S.A. 60-211 is discretionary, and the court's ruling on sanctions will not be disturbed on appeal absent an abuse of discretion. *Wood v. Groh*, 269 Kan. 420, 429, 7 P.3d 1163 (2000). Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *Schuck v. Rural Telephone Service Co.*, 286 Kan. 19, 24, 180 P.3d 571 (2008)." *Thornburg*, 44 Kan. App. 2d at 625.

The court in *Thornburg* acknowledges an abuse of discretion standard of review, and that is the standard we shall follow.

### K.S.A. 2011 Supp. 60-211 Sanctions

Bergmann claims Sokol's argument against sanctions is presented "in summary fashion only" and may be dismissed. This assessment ignores Sokol's cite to authority to support his claim and that Kansas courts are to construe pro se pleadings liberally, giving effect to the pleading's content. See *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). Accordingly, Sokol's argument cannot be summarily dismissed.

Sokol claims sanctions were improper because his argument regarding the GAL fee change was reasonable and supported by caselaw. Although Sokol's argument regarding the GAL fee fails, it is not without merit. The sanctions in this case were not imposed because his arguments lacked merit; sanctions were imposed for Sokol's treatment of Snyder.

Sokol argues sanctions were improper because the district court failed to provide any reasoning for issuing sanctions under K.S.A. 2011 Supp. 60-211(c) and failed to consider the nine factors identified in *Wood v. Groh*, 269 Kan. 420, 431, 7 P.3d 1163 (2000):

"(1) whether the improper conduct was willful or negligent;

"(2) whether it was part of a pattern of activity or an isolated event;

"(3) whether it infected the entire pleading or only one particular count or defense;

"(4) whether the person has engaged in similar conduct in other litigation;

"(5) whether it was intended to injure;

"(6) what effect it had on the litigation process in time or expense;

"(7) whether the responsible person is trained in the law;

"(8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and

"(9) what amount is needed to deter similar activity by other litigants."

Although Sokol is correct in his assertion the district court should have considered the *Wood v. Groh* factors on the record, this failure alone does not amount to an abuse of discretion since the requirements to impose sanctions under K.S.A. 2011 Supp. 60-211 have been satisfied.

The evidence reflects Sokol violated K.S.A. 2011 Supp. 60-211(b)(1) and (3). He accused Snyder of "conscious theft," called her a "bad attorney" and a "bad apple" who reflected poorly on other GALs, and questioned her ability to be a GAL. In his appellate brief, Sokol himself admits he took "strong action" in his dealings with Snyder. This type of inflammatory language, presented without a factual basis, cannot be tolerated, has no place in litigation, and is deserving of sanctions under K.S.A. 2011 Supp. 60-211(c).

Sokol urges us to consider *Vondracek v. Mid-State Co-op, Inc.*, 32 Kan. App. 2d 98, 104-05, 79 P.3d 197 (2003). In *Vondracek*, the district court imposed sanctions on a party for failing to plead fraud with particularity but failed to analyze the *Wood v. Groh* factors. The Court of Appeals vacated the sanctions because the petition was not clearly contrary to statute or caselaw and the district court failed to explain why sanctions were necessary other than saying the case had gone on too long.

Here, sanctions were imposed for Sokol's harassment of Snyder, not for failing to state a claim or a shortcoming in legal analysis. Although the court here, as in *Vondracek*, did not analyze the factors in *Wood v. Groh* on the record, there is sufficient evidence the judge considered all the evidence on the record in imposing sanctions. Sokol's pleading speaks for itself and was clearly inap-

propriate and done with the intent to harm. Sanctioning Sokol for his language was not "arbitrary, fanciful, or unreasonable," and there was no abuse of discretion. See *Schuck v. Rural Telephone Service Co.*, 286 Kan. 19, 24, 180 P.3d 571 (2008).

Sanctions levied against Sokol, and not his attorney, were also proper. K.S.A. 2011 Supp. 60-211(c) permits sanctions to be levied against a party, not just the party's attorney. The district court specifically imposed sanctions against Sokol in this case, rather than against his attorney, because Sokol authored the offending motion in violation of K.S.A. 2011 Supp. 60-211(b). This court recognizes one's right to speak through his or her pleadings, but that does not grant one the power to be malicious, inappropriate, and unprofessional in presenting motions for the district court to resolve.

Sokol had notice and a reasonable opportunity to respond to the requests for sanctions under K.S.A. 2011 Supp. 60-211(b) and (c). The court had ample evidence to support sanctions for inappropriate pleadings, and the district court did not abuse its discretion in imposing sanctions. Finding no abuse of discretion by the district court in the setting of the GAL fees and the proper application of K.S.A. 2011 Supp. 60-211 for Sokol's improper pleadings against Snyder as the GAL, we affirm.

Affirmed.