NOT DESIGNATED FOR PUBLICATION

No. 124,218

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

VIRGINIA DIESEL AND TRUCK REPAIR INC.,
*Plaintiff*,

(WILLIAM C. O'KEEFE),
*Appellant*,

v.

BRUCE WERTH and FOLEY EQUIPMENT COMPANY,
*Appellees*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARY E. CHRISTOPHER, judge. Opinion filed July 29, 2022. Affirmed.

*William C. O'Keefe*, of O'Keefe Law Office, of Seneca, for appellant.

*Blake A. Robinson*, of Robinson Firm, LLC, of Manhattan, for appellees.

Before GREEN, P.J., ATCHESON and HURST, JJ.

PER CURIAM: William O'Keefe appeals the district court's imposition of sanctions against him and his client, Virginia Diesel and Truck Repair Inc., for violating K.S.A. 2021 Supp. 60-211(b) by undertaking a suit for the purpose of harassment and retaliation. The record, including O'Keefe's brief to this court, is replete with examples of his disregard for the rules of civil procedure and dereliction of his professional

1

responsibilities. This court cannot condone the use of litigation as a weapon for improper reprisal, and finds no error in the district court's imposition of sanctions. Affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

The present case results from a prior case in which Virginia Diesel and Truck Repair Inc. (Virginia Diesel), a corporation specializing in the remanufacture of Caterpillar engines, was found liable for damages to Steve Gudenkauf and Gudenkauf Tree Service (collectively Gudenkauf). This prior lawsuit—the *Gudenkauf* case—centered on the Gudenkaufs' allegations that Virginia Diesel committed fraud, breach of warranty, and unjust enrichment by allegedly selling them a defective engine. Gudenkauf took the engine to Foley Equipment Company (Foley Equipment) for diagnosis and repair, but the engine could not be repaired; Foley Equipment eventually sold and installed Gudenkauf a replacement engine. During the *Gudenkauf* case, Bruce Werth, a former employee of Foley Equipment, testified that the engine sold by Virginia Diesel was defective and not remanufactured. The district court found Virginia Diesel liable and entered a $16,560.04 judgment in favor of Gudenkauf due to Virginia Diesel's failure to perform on its contract, and Virginia Diesel unsuccessfully appealed. See *Gudenkauf Tree Service Inc., v. Jacobs*, No. 122,028, 2021 WL 2603385 (Kan. App. 2021) (unpublished opinion).

On October 30, 2019, while its appeal in the *Gudenkauf* case was still pending, Virginia Diesel filed suit against Bruce Werth and Foley Equipment—the suit at issue in the present appeal—for "malicious and fraudulent acts," "unlawful interference," "unfair competition," and "[intentional or negligent] fraudulent misrepresentation." William O'Keefe—who had represented Virginia Diesel in the *Gudenkauf* case—drafted the petition and sought "temporary and permanent injunction," a "restraining order," a "court order that the engine be torn down, in [its] presence," damages, and attorney fees. Much of the petition against Werth and Foley related to arguments and evidence presented in

2

the *Gudenkauf* case and heavily relied on allegations that Werth provided fraudulent testimony in that case. Specifically, Virginia Diesel claimed that Werth and Foley Equipment had conspired to make false reports about the engine it sold to Gudenkauf in order to boost their own sales.

Several months after Werth and Foley filed their answers in the present case, Virginia Diesel requested the court enter an order requiring the engine at issue in the *Gudenkauf* case be placed in the custody of Foley Equipment and that it be preserved, disassembled, and inspected. At the time of Virginia Diesel's request, the engine was in the possession of Gudenkauf Tree Service per a court order in the *Gudenkauf* case. While Virginia Diesel conceded that the Nemaha County District Court had issued an outstanding order regarding possession of the engine, the company's president expressed concerns "that there [was] going to be some irreparable and permanent harm" should the engine continue to be in Gudenkaufs' possession. The district court in the present case denied Virginia Diesel's request, noting the prior order issued by the Nemaha County District Court and Virginia Diesel's failure to provide any factual basis to support its alleged concerns.

In November 2020, as the parties closed in on the discovery deadline, Virginia Diesel replaced O'Keefe as counsel, and Werth filed a motion to dismiss for failure to state a valid claim. Thereafter, at the hearing on Werth's motion to dismiss, the district court noted that the petition was "not a model of clarity," but that Virginia Diesel had done enough to allege claims of (1) civil conspiracy to commit fraud; (2) fraud; and (3) negligent misrepresentation against Werth. However, the court determined these claims were not legally cognizable and dismissed all of Virginia Diesel's claims against Werth. In reaching this conclusion, the court explained that Virginia Diesel made no claim that it had relied on any statements made by Werth—the petition only alleged that Werth misrepresented facts about the engine to Gudenkauf. Moreover, the court ruled that Werth's allegedly false testimony in the *Gudenkauf* case could not serve as a basis for a

civil tort claim—the proper remedy was an action for perjury. Finally, the court denied Virginia Diesel's motion to amend its petition, finding that Werth and Foley Equipment would potentially suffer extreme prejudice if the case were prolonged any further. Foley Equipment then filed its own motion to dismiss, and Virginia Diesel promptly agreed to dismiss Foley Equipment with prejudice.

After winning his motion to dismiss, Werth moved for sanctions in the form of attorney fees against both Virginia Diesel and its former attorney, O'Keefe, in the amount of $13,346.65. Werth argued that Virginia Diesel's claims were patently baseless and that the lawsuit was merely intended to deter Werth from any future involvement in the *Gudenkauf* case, which at that time was still on appeal before this court. Virginia Diesel and O'Keefe filed separate responses to Werth's motion.

The district court concluded that Virginia Diesel's case "was filed in retaliation for trial testimony offered by Mr. Werth . . . with the intent to reinvestigate, cross-examine, and/or otherwise improperly attack Mr. Werth's trial testimony in the [*Gudenkauf* case] in an effort to influence Mr. Werth to go back on his sworn testimony." In short, the court found that Virginia Diesel brought the case against Werth for an improper purpose in violation of K.S.A. 60-211(b). Moreover, the court held that Virginia Diesel's "claims and legal defenses were not warranted by existing law" and thus violated K.S.A. 60-211(b)(2). After finding Virginia Diesel violated K.S.A. 60-211(b), the court determined that sanctions were warranted and awarded a monetary sanction of $6,021.65 against O'Keefe and Virginia Diesel, jointly and severally.

O'Keefe—but not Virginia Diesel—appeals the district court's sanctions order.

4

DISCUSSION

As a matter of clarification, this court must first address what—if any—claims O'Keefe raises on appeal. In his brief, O'Keefe spends dozens of pages reciting trial and deposition testimony both in the *Gudenkauf* case and in the present case—none of which is pertinent to this appeal. O'Keefe eventually identifies two issues: "Did Judge Mary E. Christopher ever have any evidence to sanction Mr. O'Keefe?" and "Where does it put the rest of us when a person lies to the Court about his participation in a case?"

In his first issue, O'Keefe includes the standard for judicial misconduct but does not provide any argument or additional authority regarding judicial misconduct. To the extent O'Keefe intends to assert an argument for judicial misconduct, the conclusory allegation is incidentally raised, inadequately briefed, and is therefore deemed abandoned and waived. See *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). The second issue simply does not actually contain any legal argument. After thoroughly reviewing O'Keefe's discursive brief, this court believes that he alleges only one issue—that the district court properly imposed sanctions pursuant to K.S.A. 2021 Supp. 60-211.

Under K.S.A. 2021 Supp. 60-211, a district court has discretion to award sanctions if a party files suit for an improper purpose, presents frivolous legal arguments, or presents factual contentions that lack evidentiary support:

> "(b) *Representations to the court.* By presenting to the court a pleading, written motion or other paper, whether by signing, filing, submitting or later advocating it, an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief formed after an inquiry reasonable under the circumstances:
>
> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation;

(2) the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

"(c) *Sanctions.* If, after notice and a reasonable opportunity to respond, the court determines that subsection (b) has been violated, the court may impose an appropriate sanction on any attorney, law firm or party that violated the statute or is responsible for a violation committed by its partner, associate or employee. The sanction may include an order to pay to the other party or parties that [the] reasonable expenses, including attorney's fees, incurred because of the filing of the pleading, motion or other paper." K.S.A. 2021 Supp. 60-211.

This court reviews a district court's decision to award sanctions for an abuse of discretion. *In re Marriage of Bergmann & Sokol*, 49 Kan. App. 2d 45, 50, 305 P.3d 664 (2013); *Thornburg v. Schweitzer*, 44 Kan. App. 2d 611, 625, 240 P.3d 969 (2010). A court abuses its discretion if its decision is based on an error of law or fact, or if its decision is so arbitrary, fanciful, or unreasonable that no reasonable person would take the view adopted by the court. When reasonable people could differ as to the propriety of the court's action—then it cannot be said that the court abused its discretion. *Wood v. Groh*, 269 Kan. 420, 429, 7 P.3d 1163 (2000). As the party alleging the district court abused its discretion—O'Keefe bears the burden of demonstrating such abuse. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013).

In a bold strategic choice, O'Keefe does not challenge the district court's finding that he and his client violated K.S.A. 2021 Supp. 60-211(b) by filing the petition for the improper purpose of harassing and dissuading Werth and Foley Equipment from participating further in the *Gudenkauf* case. Furthermore, O'Keefe does not appear to challenge the district court's finding that the claims in the petition were not supported by existing law—and that the proper remedy for untruthful testimony in the *Gudenkauf* case was not a civil tort claim. Because O'Keefe does not challenge the findings that he and Virginia Diesel violated K.S.A. 2021 Supp. 60-211(b) and (b)(2), this court will not review them for error, and will assume they are true and accurate.

Assuming the district court correctly found that Virginia Diesel and O'Keefe violated K.S.A. 2021 Supp. 60-211(b), it then proceeded to determine whether to impose sanctions. See *Wood*, 269 Kan. at 431 (setting forth the factors to consider when determining if sanctions are appropriate for a violation of K.S.A. 60-211). These factors include:

"(1) whether the improper conduct was willful or negligent;

"(2) whether it was part of a pattern of activity or an isolated event;

"(3) whether it infected the entire pleading or only one particular count or defense;

"(4) whether the person has engaged in similar conduct in other litigation;

"(5) whether it was intended to injure;

"(6) what effect it had on the litigation process in time or expense;

"(7) whether the responsible person is trained in the law;

"(8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and

"(9) what amount is needed to deter similar activity by other litigants." 269 Kan. at 431.

The district court found that O'Keefe negligently filed the petition and engaged in improper conduct, explaining that "a little legal research would've revealed that you

7

cannot [file this suit], that it's improper." Although the district court did not find a pattern of conduct in the present case, it noted that O'Keefe had been involved in a previous case involving sanctions, which demonstrated that he was at least "aware of the wrongfulness of litigation misconduct." The court also found that although Virginia Diesel's petition may not have been intended to injure Werth, it was certainly aimed at dissuading him from further involvement in the *Gudenkauf* case. The court explained:

> "At first, when I looked at this case it was not at first apparent to the Court the basis for the suit was solely the trial testimony of Mr. Werth. And that was just because the wording of the petition was not exactly clear. . . .
>
> "But looking at the course of this, piecing this together, and also with knowledge that there was a prior trial that was appealed and on appeal when this was filed, it seems fairly obvious that this lawsuit was an attempt to get Mr. Bruce Werth to go back on his prior testimony . . . . And that is concerning to me."

Finally, the court noted the time and expense of Virginia Diesel's lawsuit on both Werth and Foley, and it explained that O'Keefe was trained in the law and therefore had little excuse for filing a suit unsupported by the evidence or existing law. Given all of those reasons, the district court determined that sanctions were warranted and awarded the appropriate amount to deter the parties and prevent future misconduct—$6,021.65— half the amount Werth requested.

This court finds no support in O'Keefe's briefing—either legal, logical, or theoretical—for his conclusion that the district court abused its discretion in awarding sanctions to Werth. The court had ample evidence to order sanctions, and O'Keefe fails to explain how the court abused its discretion in any manner. Under these circumstances, this court cannot say that no reasonable person would agree with the district court's decision. O'Keefe and Virginia Diesel had notice and a reasonable opportunity to respond to Werth's request for sanctions. Given his personal stake in the outcome of the sanctions

motion, O'Keefe was permitted to argue at the hearing although he was no longer representing Virginia Diesel in the case.

Affirmed.