NOT DESIGNATED FOR PUBLICATION

No. 125,233

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
PAMELA LUCAS,
*Appellee*,

and

JAMES LUCAS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; PAUL C. GURNEY, judge. Opinion filed December 16, 2022.
Affirmed.

*James Lucas*, appellant pro se.

*Ellen S. Goldman*, of Overland Park, for appellee.

Before HURST, P.J., MALONE and BRUNS, JJ.

PER CURIAM: After many years of contentious litigation in this divorce case as well as a related case involving a business dispute, James Lucas appeals from the district court's decision to deny his motions seeking sanctions under K.S.A. 2021 Supp. 60-211(c) against his ex-wife, Pamela Lucas, and her attorney, Ellen Goldman. He also appeals from the district court's decision to grant his ex-wife's request for sanctions against him. On appeal, we conclude that the district court did not err in determining that James' requests for sanctions were untimely. We also conclude that the district court did not abuse its discretion in granting Pamela's request for sanctions. Thus, we affirm.

1

The underlying facts were set forth by another panel of this court in *In re Marriage of Lucas*, No. 122,204, 2021 WL 1045186 (Kan. App. 2021) (unpublished opinion), *rev. denied* 315 Kan. 968 (2022). Because the parties are well aware of the facts, they will not be repeated in this opinion. However, we will briefly summarize the facts that are material to the issues presented on appeal in this section of our opinion and discuss other facts as necessary in the analysis portion of our opinion. Because both parties have the same last name, we will refer to them as James and Pamela.

This divorce action was filed on January 3, 2017. The following month, James and Pamela also became entangled in litigation arising from a business dispute involving Dadson Manufacturing Corporation. See *Lucas v. Petersen et al.*, No. 17-853 (Kan. 10th Jud. Dist. Ct. January 8, 2019) (referred to as *Dadson* throughout opinion; Dadson is one of four respondents in the district court case). Prior to the filing of the divorce action, James had worked as the president and chief executive officer of Dadson Manufacturing. The corporation was owned by the Nancy F. Petersen Trust, with Pamela and her mother serving as trustees.

Both the divorce action and the *Dadson* case were assigned to the same district court judge. Ellen Goldman, who continues to represent Pamela in the divorce action, also represented her in the *Dadson* litigation. Originally, James was represented by counsel in both the divorce action and the litigation arising out of the business dispute. At the mutual request of the parties, the divorce action was stayed pending the completion of the *Dadson* matter.

The district court ultimately dismissed several of James' claims in the *Dadson* case, and the remaining claims proceeded to a jury trial. After hearing the evidence, the jury returned a verdict in James' favor against the corporation for deferred compensation

but found in favor of Dadson Manufacturing and against James on its claims of conversion and breach of fiduciary duty. In addition, the jury determined that punitive damages should be assessed against James.

After the business litigation ended, the stay was lifted in the divorce action. On January 11, 2019, the district court allowed the attorney representing James to withdraw in both the *Dadson* case and in the divorce action. Two months later, on March 12, 2019, the district court held a hearing on various posttrial motions in the *Dadson* case. During a break for lunch, the parties negotiated a comprehensive settlement of both the *Dadson* case and the divorce action. The parties placed the terms of the settlement on the record.

Shortly thereafter, James moved to set aside the settlement agreement in the divorce action. However, the district court found the parties had entered into an enforceable settlement agreement. Moreover, the district court set the divorce action for an evidentiary hearing to determine whether the terms of the settlement were fair, just, and equitable.

On June 6, 2019, the district court held an evidentiary hearing. After taking the matter under advisement, the district court entered a journal entry in which it found the settlement agreement entered into by the parties to be fair, just, and equitable. In addition, the district court granted the parties a decree of divorce and divided their property and debts as set forth in the settlement agreement. Although James later moved for sanctions against Pamela and her attorney, the district court instead imposed sanctions against James.

On direct appeal, a panel of this court affirmed the district court's decision. 2021 WL 1045186, at *8. Although James filed a motion for rehearing and modification, it was denied by this court on May 26, 2021. Subsequently, the Kansas Supreme Court denied James' petition for review on March 21, 2022.

On June 16, 2021, while the petition for review was still pending before the Kansas Supreme Court, Pamela filed a motion in the district court to enforce the journal entry and decree of divorce. Pamela's motion was filed in response to James filing a third-party claim against her in a limited actions case. See *First National Bank of Omaha et al. v. Lucas et al.*, No. 20-6880 (Kan. 10th Jud. Dist. Ct.). In that case, a bank made a claim against James for unpaid credit card debt. In response, James asserted a third-party claim against Pamela.

On July 28, 2021, Pamela's attorney, Goldman, received an email from James with his exhibits in preparation for the hearing on her client's motion to enforce. The next day, Goldman replied to James—in an email evidently intended for a member of her staff—stating: "This asshole wasn't sick!!!" Shortly thereafter, Goldman became aware that she sent the email to James and sent him an explanation and apology.

On August 16, 2021, James filed a motion for sanctions against Goldman based on the inappropriate language in her email to him as well as the way in which she treated him during the pendency of the divorce case and related cases. A few days before, the district court held a hearing on Pamela's motion to enforce because the limited actions case remained pending. Although the district court denied the motion to enforce, it indicated that if any issues remained after the limited actions case was resolved, Pamela could renew her motion at that time.

Pamela's attorney filed a response to James' motion for sanctions on August 23, 2021, and also sought sanctions against him. A month later, James filed a motion for sanctions against Pamela alleging an ongoing pattern of making false statements. In response, Pamela filed a motion in opposition and requested that the district court enter sanctions against James. In turn, James filed a reply.

On November 4, 2021, the district court held a hearing on the motions for sanctions in the divorce case and on unrelated matters. The following day, the district court entered a 10-page journal entry and judgment in which it ruled:

- James' motion for sanctions regarding Goldman's behavior during the divorce action and related cases should be denied as untimely under K.S.A. 2021 Supp. 60-211(c).

- Goldman's email sent on July 29, 2021, did not fall under the scope of a motion for sanctions under K.S.A. 2021 Supp. 60-211(c) because it is not a pleading, written motion, or other document presented by Pamela or her counsel to the court.

- Goldman should be admonished and directed "to refrain from sending communications to [James] which refers to him by an epithet, expletive or other demeaning name."

- James' motion for sanctions against Goldman "was not entirely without merit, given the filing of Pamela's motion [to enforce] and the email as discussed herein."

- James' motion for sanctions against Pamela for an ongoing pattern of making false statements should also be denied as untimely.

- Sanctions in the amount of $1,057.50 should be entered against James based on the factors set forth in *Wood v. Groh*, 269 Kan. 420, 431, 7 P.3d 1163 (2000), because his motion for sanctions against Pamela was filed for an improper purpose and "was without a reasonable basis in fact . . . and a good faith basis did not exist for the filing . . . ."

On December 3, 2021, James filed a motion to reconsider and amend the judgment. Several months later on April 7, 2022, the district court denied the motion. At the same time, the district court denied a request for sanctions filed by Pamela arising out

of the filing of James' motion to reconsider and amend. In denying the request, the district court found that it was "disinclined" to grant the motion "for the simple reason that such an Order would likely invite further filings in a case that has already reached an end." Nevertheless, the case continues as James has filed a timely notice of appeal.

ANALYSIS

*Standard of Review*

Whether a district court has the authority to impose sanctions presents a question of law. *Unruh v. Purina Mills*, 289 Kan. 1185, 1200, 221 P.3d 1130 (2009). To the extent that this issue requires statutory interpretation, it presents a question of law over which we have unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019). However, a district court's decision whether to award sanctions is only to be reversed on appeal for an abuse of discretion. *In re Marriage of Bergmann & Sokol*, 49 Kan. App. 2d 45, 50, 305 P.3d 664 (2013).

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018). The party asserting that the district court abused its discretion bears the burden of showing an abuse of discretion on appeal. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017). Hence, James has the burden of establishing on appeal that the district court's refusal to impose sanctions constituted an abuse of discretion.

Here, the district court's authority to impose sanctions is found in K.S.A. 2021 Supp. 60-211, which provides in material part:

> "(a) *Signature.* Every pleading, written motion and other paper must be signed by at least one attorney of record in the attorney's name, or by a party personally if the party

6

is unrepresented. The paper must state the signer's address, e-mail address, telephone number and fax number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit or a declaration pursuant to K.S.A. 53-601, and amendments thereto. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

"(b) *Representations to the court. By presenting to the court a pleading, written motion or other paper, whether by signing, filing, submitting or later advocating it, an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief formed after an inquiry reasonable under the circumstances*:

(1) It is *not being presented for any improper purpose*, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation;

(2) the *claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument* for extending, modifying or reversing existing law or for establishing new law;

(3) the *factual contentions have evidentiary support or*, if specifically so identified, *will likely have evidentiary support* after a reasonable opportunity for further investigation or discovery; and

(4) the *denials of factual contentions are warranted on the evidence or*, if specifically so identified, *are reasonably based on belief or a lack of information*.

"(c) *Sanctions*. If, after notice and a reasonable opportunity to respond, the court determines that subsection (b) has been violated, the court may impose an appropriate sanction on any attorney, law firm or party that violated the statute or is responsible for a violation committed by its partner, associate or employee. The sanction may include an order to pay to the other party or parties that [the] reasonable expenses, including attorney's fees, incurred because of the filing of the pleading, motion or other paper. A motion for sanctions under this section may be served and filed at any time during pendency of the action, but must be filed not later than 14 days after the entry of judgment." (Emphases added.)

*Motions for Sanctions Filed by James Lucas*

For a variety of reasons, James contends that the district court erred in denying his motions for sanctions against Pamela and Goldman. A review of the record reveals that the district court found that any claim for sanctions that is based on events that occurred

7

during the course of the underlying litigation is barred under K.S.A. 2021 Supp. 60-211(c) because well over 14 days have passed since the entry of judgment. The district court also found that James' motion for sanctions against Goldman based on the inappropriate language in her email dated July 29, 2021, was not covered by K.S.A. 2021 Supp. 60-211 because "it is not a pleading, written motion or other document presented . . . to the Court . . . ."

Based on the plain language of K.S.A. 2021 Supp. 60-211(c), we find that the deadline for James to seek sanctions against Pamela or Goldman expired 14 days after the district court entered its judgment in the divorce action on August 16, 2019. Although James subsequently filed a motion to reconsider, alter, or amend the judgment, that motion was withdrawn by him on November 22, 2019. So, even if we used that date to determine the deadline for the filing of a motion for sanctions arising out of the actions taken by Pamela or Goldman in the underlying litigation, the 14 days allowed by K.S.A. 2021 Supp. 60-211(c) passed nearly two years before he filed his motions seeking sanctions.

It is also important to recognize that James' motion for sanctions against Pamela refers to allegations of perjury or other acts that occurred during the pendency of the underlying divorce action or during the pendency of the *Dadson* litigation. We can find no authority—and James has cited none—to support the proposition that merely seeking to enforce a judgment previously entered by a district court "opens the door" for the other party to seek sanctions for acts that allegedly occurred before the entry of judgment. Furthermore, to allow a party to follow such a procedure would render the time limits set forth in K.S.A. 2021 Supp. 60-211 meaningless.

It is also important to note that the allegations in James' motion for sanctions against Pamela are substantially similar—if not identical—to allegations that he has previously asserted in this case. In other words, James is attempting to improperly rehash

8

arguments that were previously raised and rejected. Consequently, we conclude that James is barred under K.S.A. 2021 Supp. 60-211(c) to seek sanctions for actions of Pamela or Goldman that allegedly occurred prior to the entry of final judgment in the divorce action or prior to the entry of final judgment in the *Dadson* case.

Turning to the motion for sanctions relating to the email evidently sent inadvertently by Goldman to James on July 29, 2021, we find that it is not covered by the plain and unambiguous language of K.S.A. 2021 Supp. 60-211. This is because K.S.A. 2021 Supp. 60-211(b) applies only to "a pleading, written motion or other paper" that is presented to the court. See *Giblin v. Giblin*, 253 Kan. 240, 255, 854 P.2d 816 (1993) (oral rejection of settlement agreement did not subject a party to sanctions because the rejection was not a pleading, motion, or other paper filed with the district court); see also *Mohammed v. Naperville Community Unit School Dist. 203*, No. 19 C 6525, 2021 WL 1253452, at *3 (N.D. Ill. 2021) (unpublished opinion) (an attorney's email to a courtroom deputy was not a legal filing with the court). Although—like the district court—we find the language used by Goldman to be inappropriate and disrespectful, the email is simply not a pleading, written motion, or paper submitted to the court.

For these reasons, we conclude that the district court did not err in denying James' motions for sanctions against Pamela or in denying his motion for sanctions against Goldman.

*Motion for Sanctions filed by Pamela Lucas*

James also contends that the district court abused its discretion when it imposed sanctions on him for filing his motion for sanctions against Pamela. As previously discussed, a district court's decision to grant or deny a motion for sanctions under K.S.A. 2021 Supp. 60-211 should not be disturbed absent a showing of an abuse of discretion. *In re Marriage of Bergmann*, 49 Kan. App. 2d at 50. Again, because James is the party

asserting that the district court erred, he has the burden of establishing on appeal that the granting of Pamela's request for sanctions constituted an abuse of discretion.

James argues that the district court's current imposition of sanctions against him was inappropriately based on the fact that it had previously imposed sanctions against him. James further argues that the district court erred in finding that he was harassing Pamela by filing repetitious pleadings alleging that she committed perjury or other wrongdoing in the underlying litigation. In response, Pamela argues that a reasonable person reviewing the repetitive allegations made by James—which have previously been addressed by the district court—would consider the filings to constitute harassment.

James claims that the district court's ruling appeared to be predetermined based on his arguments being quickly cut off. But a review of the transcript of the hearing on the motions for sanctions reveals that the district court was attempting to limit James' attempts to rehash argument that had already been presented and rejected. As discussed above, the district court addressed James' new allegation relating to Goldman's inappropriate email sent in July 2021 and admonished her for the demeaning language used. In doing so, the district court noted that James had also used disrespectful language when referring to his ex-wife and son.

Although James suggests that the district court erred by inferring that he was trained in the law, this assertion is contradicted by the record in which the district court explicitly found that James was not a licensed attorney. Rather, the district court accurately observed that James is well-educated and has experience representing himself.

In the district court's comprehensive journal entry, the district court addressed each of the nine factors set forth in *Wood v. Groh*, 269 Kan. at 431. In doing so, the district court found that James filed his present motion for sanctions against Pamela with knowledge of the timeliness requirement set forth in K.S.A. 2021 Supp. 60-211; that

10

James continues to reargue unfounded claims of perjury against Pamela that have already been addressed; that James has engaged in similar conduct in other litigation and has previously been sanctioned by the district court; that the repetitious filings are an attempt to injure Pamela by attacking her character and forcing her to defend the repeated claims of perjury; that Pamela has incurred expenses in defending the motion; and, that although James is not a licensed attorney, he has experience representing himself in litigation.

After analyzing the *Wood* factors, the district court concluded that James' motion for sanctions against Pamela was filed "without a reasonable basis in fact . . . and a good faith basis did not exist for the filing . . . ." As a result, the district court found that James had violated K.S.A. 2021 Supp. 60-211 and ordered him to pay Pamela $1,057.50 to compensate her for the amount of attorney fees she incurred as a result of defending against the motion for sanctions. In the alternative, the district court found that justice and equity warranted the award of attorney fees under the provisions of K.S.A. 2021 Supp. 23-2715. It does not appear that James has contested this alternative rationale for the imposition of attorney fees.

In conclusion, we find that James has failed to establish that the district court erred in denying his motions for sanctions against Pamela and Goldman. In addition, he has failed to establish that the district court erred in granting Pamela's request for sanctions against him under K.S.A. 2021 Supp. 60-211. Rather, based on our review of the record, we find that the district court's decision was reasonable and was not based on an error of law or fact. We, therefore, affirm the district court's decision.

Affirmed.

11